UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| COKeM INTERNATIONAL, LTD., *a Minnesota corporation*, | Case No. 18-CV-0958 (PJS/SER) |
| Plaintiff, | |
| v. | ORDER |
| PROJECT TRI-FORCE, LLC, *a Delaware limited partnership*; ROBERT BARICEVIC; TICO INVESTMENT VEHICLE VIII, LP, *a Delaware limited partnership*; and TICO INVESTMENT VEHICLE IX, LP, *a Delaware limited partnership*, | |
| Defendants. | |

    Chelsea A. Ahmann, Gerald H. Fornwald, and Michael A. Rosow, WINTHROP & WEINSTINE, P.A., for plaintiff.

    Karl E. Robinson, TOOHEY LAW FIRM, P.A., for defendant Project Tri-Force, LLC.

    Mark. P. Schneebeck and John C. Ekman, FOX ROTHSCHILD LLP, for defendants Tico Investment Vehicle VIII, LP, and Tico Investment Vehicle IX, LP.

    This is a breach of contract case brought by plaintiff COKeM International, Ltd. ("COKeM"). COKeM initially sued in state court, asserting claims solely under state law. *See* ECF No. 1. Defendants TICO Investment Vehicle VIII, LP, and TICO Investment Vehicle IX, LP (collectively, "TICO") removed the case to federal court, contending that this Court has diversity jurisdiction over the case under 28 U.S.C.

§ 1332(a).[1]  *See* 28 U.S.C. § 1441.  This matter is before the Court on COKeM's motion to remand.  ECF No. 10.

Removal on the basis of diversity jurisdiction is proper where there is complete diversity of citizenship among the parties and the amount in controversy exceeds $75,000, exclusive of interest and costs.  28 U.S.C. §§ 1332(a), 1441.  For purposes of diversity jurisdiction, "[w]hen one of the parties to the action is a limited partnership, the citizenship of each general and limited partner must be considered in determining whether complete diversity of citizenship exists."  *Barclay Square Properties v. Midwest Fed. Sav. & Loan Ass'n of Minneapolis*, 893 F.2d 968, 969 (8th Cir. 1990); *see also GMAC Commercial Credit LLC v. Dillard Dept. Stores, Inc.*, 357 F.3d 827, 829 (8th Cir. 2004) ("[A]n LLC's citizenship is that of its members for diversity jurisdiction purposes.").

In its motion to remand, COKeM contended that the TICO defendants—both Delaware limited partnerships—had failed to adequately plead the citizenship of their respective partners, sub-partners, members, and sub-members.  ECF No. 10.  In response, TICO asserted that "[c]onfidentiality agreements" and "investor privacy issues" prevented them from "disclosing the names of [their] limited partners and downstream owners to third parties" and requested additional time for briefing.  ECF

---

[1] Defendant Project Tri-Force, LLC, consented to removal.  ECF No. 1-7. Defendant Robert Barcevic did not appear, but indicated his consent to removal through counsel for TICO.  ECF No. 6.

No. 16 ¶ 2. The Court held a telephonic status conference with the parties on June 13, 2018, and instructed TICO to either consent to remand or file, by June 29, 2018, enough information for the Court to determine the citizenship of the parties.

Defendants TICO and Project Tri-Force, LLC, now consent to remand. ECF No. 19. Defendant Robert Barcevic has not appeared. Based upon the defendants' consent to remand, and the failure of the TICO defendants to adequately plead the citizenship of their respective members, this matter is remanded to the Scott County District Court, First Judicial District, State of Minnesota.

ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT:

1. Plaintiff's motion to remand [ECF No. 10] is GRANTED;

2. This matter is REMANDED to the Scott County District Court, First Judicial District, State of Minnesota.

Dated: July 2, 2018          s/Patrick J. Schiltz
                                           Patrick J. Schiltz
                                           United States District Judge